**SO ORDERED.**

**SIGNED this 14th day of January, 2020.**



Dale L. Somers
United States Chief Bankruptcy Judge

___

Designated for online publication only

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

In re:

**Karie Ann Baker,**

           **Debtor.**

Case No. 19-41358
Chapter 13

## Memorandum Opinion and Order
## Granting Debtor's Motion to Extend Stay, with Conditions

The matter before the Court is Debtor Karie Ann Baker's motion to determine that the termination of the automatic stay in 11 U.S.C. § 362(c)(3)(A) is not applicable, or in the alternative to extend the automatic stay.[1] Creditor U. S. Bank, National Association (hereafter U.S. Bank)

___

[1] Doc. 16. Future statutory references are to title 11, the Bankruptcy Code, unless otherwise stated.

responded and opposes the motion.[2] Debtor's petition was filed on October 31, 2019, an evidentiary hearing was held on the motion on December 18, 2019, and the stay was extended pending a ruling on the motion.[3]

The Court concludes that Debtor's Chapter 13 petition was filed in good faith and that any presumption of bad faith filing arising from the fact that this case was filed less than one year after dismissal of a prior Chapter 13 case has been rebutted by clear and convincing evidence. The stay of § 362(a) is hereby extended as to all creditors, subject to the condition that U.S. Bank will be granted relief from stay if Debtor fails to timely make two consecutive Chapter 13 Plan payments, as expressed in more detail herein.

## I. Findings of Fact.

This Chapter 13 case (the Present Case) was filed by Debtor on October 31, 2019, less than one year after the dismissal on August 8, 2019 of case number 16-40233 (the Prior Case). U.S. Bank is the holder of Debtor's only secured claim. As of November 11, 2019, U.S. Bank alleges it had a claim against Debtor for approximately $68,700, which includes an arrearage of approximately $18,000, secured by a mortgage on Debtor's home. U.S. Bank

---

[2] Doc. 23.

[3] Doc. 37. Debtor appeared at the hearing in person and through her counsel, Gary E. Hinck. U.S. Bank appeared by counsel Stewart C. Bogart, of Millsap & Singer, LLC. The Chapter 13 Trustee, Jan Hamilton, also appeared personally.

has twice attempted to foreclose its interest. The first state court foreclosure case was filed on March 7, 2016, but was dismissed upon Debtor's filing of the Prior Case. The second foreclosure case was filed on July 26, 2019, and on September 18, 2019 an in rem judgment for $66,691.54 was entered against Debtor's home. A sale was scheduled for November 5, 2019, but was cancelled upon the filing of the Present Case.

Debtor's home was built in 1941 and is in a low crime, stable neighborhood in Topeka. Debtor purchased the home six years ago, when it was appraised for $64,000. There is no evidence that the value has changed. The home is in good repair.

Debtor's Prior Case was pending for three and one-half years. Her Chapter 13 plan was confirmed on August 30, 2016. On October 9, 2018, Debtor filed a motion for post-confirmation amendment of plan, which, among other things, provided for surrender of her home to U.S. Bank. The motion was granted. On January 24, 2019, U.S. Bank filed a motion for relief from stay, which was granted on March 11, 2019, after no responsive pleading was filed. The Prior Case was dismissed on August 8, 2019, for failure to make plan payments.

Debtor testified that she moved to surrender her home in the Prior Case because she lost her job and had no job to fund payments. Her personal

3

life was unstable at the time, her brother was seriously ill, and she was providing assistance to her adult, disabled daughter. Debtor moved to Texas in July 2019. Debtor returned to Topeka in September 2019 because her daughter had a breakdown and her support system was in Topeka.

While in Texas, Debtor was employed as a bus driver and, upon returning to Kansas, she found similar employment in the City of Lawrence. She likes her job and is very grateful for her employment. She is currently earning $15 per hour, works mandatory overtime, and is anticipating raises and receipt of benefits after her probationary period is completed. She has not missed work, other than taking time off for matters associated with her bankruptcy case. She is current in her payments to the Trustee. Because her daughter is in assisted living, Debtor does not need to take time off work to assist her with medical appointments or other matters.

After returning to Topeka, Debtor searched for a residence to lease, but the rent plus deposit was outside her budget. She contacted U.S. Bank, learned that she still had title to her home, and determined that, with the protection of Chapter 13, she could afford to pay the monthly loan payments and cure the arrearage.

Debtor's plan provides for payments of $1048 per month through payroll deduction. The ongoing mortgage payments and arrearage are being

4

paid through the plan. Debtor's income less expenses is $1089.15. Her budget is very tight, but Debtor's testimony convinces the Court that she can adhere to the proposal. For example, the home maintenance, repair, and upkeep budget is only $50 per month, but Debtor testified that she has the skills to perform repairs, including roofing, drywall, painting, and landscaping, without outside labor costs. Debtor was recently given a 2003 Jeep, so she has no vehicle payments. She can repair the Jeep, so her only expense is gasoline for the commute to her job six days a week, and liability insurance. Her estimated food expense is $200 per month, but she takes advantage of food banks and assistance from friends and family. If an unanticipated expense arises, Debtor has the time, skills, and motivation to obtain additional part time employment.

## II. Analysis.

Section 362(c)(3) limits the application of the automatic stay for individual repeat filers. Generally, it provides that if a debtor had a case pending in the year before the petition date and that case was dismissed, the stay of § 362(a) "shall terminate with respect to the debtor on the 30th day after the filing of the later case."[4] The Tenth Circuit BAP in *In re Holcomb*,[5]

---

[4] § 362(c)(A).

[5] *Holcomb v Hardeman (In re Holcomb)*, 380 B.R. 813 (10th Cir. BAP 2008).

5

Case 19-41358    Doc# 40    Filed 01/14/20    Page 5 of 10

has construed the subsection as terminating the stay "only with regard to debtor and the debtor's property, not as to property of the estate."[6] This is the majority view,[7] and it is not challenged in this case. Debtor claims her home as her exempt homestead. There is no objection to the claimed exemption, therefore Debtor's interest in her home is her separate property and not property of the estate.[8] Absent extension of the stay, the repeat filer limitation would therefore allow U. S. Bank to foreclose its interest in Debtor's home.

A party in interest, such as Debtor, may move for continuation of the automatic stay, and the court, after notice and hearing, may extend the stay as to any or all creditors (subject to conditions or limitations as the court may then impose) if the movant "demonstrates that the filing of the later case was in good faith as to the creditors to be stayed."[9] As to demonstrating good faith, there is a refutable presumption that a case was not filed in good faith as to all creditors if one or more of three conditions are present. In this case, U.S. Bank relies only upon the third condition: that there has not been a substantial

---

[6] *Id.* at 816.

[7] *Id.*

[8] § 522(l).

[9] § 362(c)(3)(B).

change in the financial or personal affairs of Debtor since the dismissal of the prior case or reason to conclude that the later case will be concluded with a confirmed plan.[10] If the presumption arises, the burden is on the party seeking to extend the stay to rebut the presumption by clear and convincing evidence.[11]

The Court concludes that there is no presumption of bad faith filing in this case. Clear and convincing evidence convinces the Court that there has been a substantial change in Debtor's financial and personal affairs since the dismissal of the Prior Case. Whereas Debtor was unemployed when the Prior Case was dismissed, Debtor is currently employed in an occupation which she enjoys. Further, Debtor's monthly expenses have been reduced. Debtor is no longer making car payments and is not attempting to care for her disabled daughter or supplement her daughter's income. Debtor's personal circumstances have also improved. She is not dealing with loss of a close relationship and her brother's illness. Her daughter's circumstances are stable. There is no evidence from which the Court can conclude that Debtor's proposed plan will not be confirmed and fully performed.

---

[10] § 362(c)(3)(C)(III).

[11] § 362(c)(3).

The Court further concludes Debtor has demonstrated that the present case was filed in good faith. "In the Tenth Circuit, questions of good faith are determined by a totality of the circumstances test."[12] One bankruptcy court has found the following factors relevant to the analysis of good faith under § 362(c)(3)(B):

> 1) the timing of the petition; 2) how the debt(s) arose; 3) the debtor's motive in filing the petition; 4) how the debtor's actions affected creditors; 5) why the debtor's prior case was dismissed; 6) the likelihood that the debtor will have a steady income throughout the bankruptcy case, and will be able to properly fund a plan; and 7) whether the Trustee or creditors object to the debtor's motion.[13]

The petition in the Present Case was filed promptly after Debtor's return to Topeka and the changes in her circumstances. Although there is no evidence about how U.S. Bank's claim arose, the Court surmises that the creditor mostly likely financed Debtor's purchase of her home for approximately its appraised value. Debtor's motive in filing the petition is to save her home through making the required payments and curing the arrearage. Debtor has not dealt inequitably with U.S. Bank. As a result of Debtor's filling of the Prior

---

[12] *In re Tomasini*, 339 B.R. 773, 777 (Bankr. D. Utah 2006) (citing *Flygare v. Boulden*, 709 F.2d 1344 (10th Cir.1983) and *Gier v. Farmers State Bank of Lucas (In re Gier)*, 986 F.2d 1326 (10th Cir. 1993)).

[13] *In re Galanis*, 334 B.R. 685, 693 (Bankr. D. Utah 2005).

Case, U.S. Bank dismissed its first foreclosure case and then filed a new foreclosure case when Debtor agreed to surrender her home. But these actions were the choice of U.S. Bank and were not compelled by the imposition of the stay in the Prior Case or Debtor's actions. The Prior Case was dismissed because Debtor became unemployed. It is probable that Debtor will have steady income through the Plan in the Present Case. Although Debtor's projected income and expenses evidence a very tight budget, Debtor is motivated and a successful Chapter 13 pan appears likely.

    U.S. Bank is the only creditor objecting to the extension of the stay. The Court recognizes that the mortgage loan has not been current since some time prior to March 7, 2016, when U.S. Bank's first foreclosure case was filed and then this Present Case was filed upon the eve of a scheduled foreclosure sale. As stated above, the continuation of the stay may be "subject to conditions or limitations as the court may then impose." Under the circumstances, the Court finds that the extension of the stay as to U.S. Bank should be conditioned upon Debtor's Chapter 13 plan being confirmed and being current on her Chapter 13 payments to the Chapter 13 Trustee. If an order of plan confirmation is not entered or the Chapter 13 Trustee confirms to U.S. Bank that Debtor has not made two successive payments within 14 days of their due date, U.S. Bank is authorized to file a notice of such failure and submit to the

9

Court, with copy to Debtor's counsel, an Order Granting Relief from Extension of Automatic Stay.

### III. Conclusion

Debtor's motion to extend the § 362 automatic stay to all creditors is hereby granted, subject to the condition stated above.

**It is so ordered.**

###